**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

BRETT STEININGER                                        Case No.:  1:19-cv-3644

                              Plaintiff,

     -against-

                                                        **COMPLAINT**

TRIBUNE BROADCASTING COMPANY,
LLC,
WPIX, LLC,
and CHRISTOPHER S. TZIANABOS,                           Plaintiff Demands a
                                                        Trial by Jury
                              Defendants.
--------------------------------------------------------X

         Plaintiff BRETT STEININGER ("STEININGER" or "PLAINTIFF"), by his attorneys,

DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants TRIBUNE

BROADCASTING COMPANY, LLC, WPIX, LLC, and CHRISTOPHER S. TZIANABOS

(hereinafter referred to collectively as "Defendants") upon information and belief as follows:


**JURISDICTION & VENUE**

1.   Jurisdiction of this action is conferred upon this Court as this case involves a Federal

     Question under 42 U.S.C. § 1981 and 42 U.S.C. Section(s) 2000e et seq.

2.   Additionally, this Court has supplemental jurisdiction of the State and local law causes of

     action asserted in this action under 28 U.S.C. § 1367.

3.   Venue is proper in the Southern District of New York under 28 U.S.C. 1391 § (b)-(c)

     because a substantial part of the events or omissions giving rise to Plaintiff's claims

     occurred within the Southern District of New York.

4.   Plaintiff has exhausted all administrative prerequisites prior to commencing this action.

**PARTIES**

5.  At all times material Plaintiff STEININGER was and is an individual male who is a citizen of the State of Connecticut, County of Fairfield.

6.  At all times material, Defendant TRIBUNE BROADCASTING COMPANY, LLC was and is a foreign limited liability company, duly existing by the virtue and laws the of the State of Delaware, authorized to conduct business in the State of New York.

7.  At all times material, Defendant WPIX, LLC was and is a foreign limited liability company, duly existing by the virtue and laws the of the State of Delaware, authorized to conduct business in the State of New York.

8.  At all times material, WPIX, LLC is owned and operated by Defendant TRIBUNE BROADCASTING COMPANY, LLC.

9.  At all times material, Defendants WPIX, LLC and TRIBUNE BROADCASTING COMPANY, LLC were joint employers of Plaintiff.

10. At all times material from September of 2017 onward, Defendant CHRISTOPHER S. TZIANABOS (hereinafter referred to as "TZIANABOS") was and is Director of Sales for WPIX, LLC and TRIBUNE BROADCASTING COMPANY, LLC.

**STATEMENT OF FACTS**

11. In or around June of 2014, Defendants hired Plaintiff as a Sales Manager.

12. At all times material, Plaintiff worked in a national and local sales role for Defendants.

13. In or around September of 2017, Defendants hired TZIANABOS as Director of Sales.

14. At all times material, Defendant TZIANABOS held supervisory authority over Plaintiff, controlled various tangible aspects of Plaintiff's employment, and held the power to hire and fire Plaintiff.

15. In or around January of 2018, Plaintiff entered Defendant TZIANABOS' office to discuss a work related matter. Defendant TZIANABOS had just returned from lunch with a few of Plaintiff's colleagues. Before Plaintiff could begin discussing business, TZIANABOS told Plaintiff, "no fat Jews invited."

16. Appalled by Defendant TZIANABOS' discriminatory remarks, Plaintiff left his supervisor's office and returned to his work.

17. On or about March 29, 2018, Defendant TZIANABOS, Plaintiff, and Defendants' employees were entertaining Defendants' clients at a New York Mets game.

18. At the Mets game, Defendant TZIANABOS approached Plaintiff while Plaintiff was getting a drink for a client and told Plaintiff, "I love when fat Jews work."

19. At all times material, Defendant TZIANABOS' comments made Plaintiff uncomfortable and embarrassed. Plaintiff tried to ignore Defendant TZIANABOS and hoped he would stop.

20. In or around March of 2018, Defendant TZIANABOS' discriminatory treatment towards Plaintiff began to escalate to a near daily occurrence.

21. By way of example, on or about April 19, 2018, before an employee outing, Defendant TZIANABOS entered Plaintiff's office and told Plaintiff, "the big fat Jew better be in attendance tonight!" Plaintiff confirmed he would come to the outing. TZIANABOS laughed, further adding, "Jews would never miss a free night out!"

22. Plaintiff was deeply hurt by Defendant TZIANABOS' comment.

23. Later that evening, Defendants' employees gathered at The Gem Saloon at 375 3rd Ave, New York, New York 10016.

24. Throughout the evening, Defendant TZIANABOS repeatedly grabbed Plaintiff and whispered menacingly in Plaintiff's ear, "a fat Jew can drink more than that."

25. Throughout the evening, Defendant TZIANABOS slapped Plaintiff on the shoulder, loudly laughed, and stated "typical Jew" for all in proximity to hear.

26. The following day, on or about April 20, 2018, Defendant TZIANABOS blocked Plaintiff's path in Defendants' hallway and stared at Plaintiff. TZIANABOS then reprimanded Plaintiff and stated, "a fat Jew can't wear shirts out. You are too fat to wear your shirts out, Jew-boy."

27. Despite reaching an emotional breaking point, Plaintiff managed to simply walk away from the situation and return to his work.

28. Throughout Plaintiff's employment, Defendant TZIANABOS made a routine of degrading Plaintiff on the basis of his religion and race.

29. On or about April 26, 2018, Plaintiff was eating breakfast in his office. Defendant TZIANABOS walked into Plaintiff's office and ask Plaintiff, "how much would you eat if it was all for free?" TZIANABOS continued, "a fat Jew won't miss a free meal!"

30. Plaintiff finished his breakfast and continued to work, completely appalled and disgusted with Defendant TZIANABOS' on-going comments.

31. On or about May 1, 2018, during a meeting between Defendant TZIANABOS and Plaintiff, TZIANABOS demanded to know how many shares of Defendants' stock Plaintiff held. Plaintiff was uncomfortable sharing this information with TZIANABOS.

TZIANABOS pressured Plaintiff and specifically stated "don't be an insecure, fat Jew, just tell me how much stock you have."

32. Ultimately, Plaintiff shared how much of Defendants' stock he held. When Defendant TZIANABOS learned Plaintiff held more stock than him, TZIANABOS became irate and repeatedly screamed at Plaintiff. TZIANABOS angrily used vulgarities. TZIANABOS yelled, "That's fucked up!"

33. Thereafter, Defendant TZIANABOS asked Plaintiff why he had arrived late that day. Plaintiff responded that he needed to drop his special-needs son off at school. Plaintiff shared with TZIANABOS that because of his son's disability, and the fact that his wife was experiencing difficulties due to a recent miscarriage, Plaintiff had to take special care to prepare his son for the day and transport him.

34. Notably, Plaintiff had already texted Defendant TZIANABOS that very morning to inform him he would be a little late.

35. The following day, on or about May 2, 2018, Defendants, by and through Defendant TZIANABOS, terminated Plaintiff with no reason or justification given.

36. After being terminated, Plaintiff asked Defendants' Human Resources Director NANCY BARBOSA why he was terminated. BARBOSA responded that Plaintiff's "termination was not performance related."

37. The very next day after terminating Plaintiff, and two days after learning about Plaintiff's special-needs son and wife's miscarriage, Defendants dropped Plaintiff's family's insurance coverage for the remained of the month.

38. The above are just some of the examples of the unlawful discrimination and hostile work environment which Defendants subjected Plaintiff.

39.  Plaintiff suffered and will continue to suffer anxiety, depression, and significant emotional distress, as a direct result of Defendant's hateful and discriminatory practices.

40.  Defendant TZIANABOS' actions and conduct were intentional and intended to harm Plaintiff.

41.  As a result of Defendant TZIANABOS' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

42.  As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

43.  As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction of all lower Courts.

44.  As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, the Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.


**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER 42 U.S. CODE § 1981**

45.  Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

46.  42 U.S. Code § 1981 provides:

(a)      All persons within the jurisdiction of the United States shall have the same right

in every State and Territory to make and enforce contracts, to sue, be parties, give

evidence, and to the full and equal benefit of all laws and proceedings for the security of

persons and property as is enjoyed by white citizens, and shall be subject to like

punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b)      For purposes of this section, the term "make and enforce contracts" includes the

making, performance, modification, and termination of contracts, and the enjoyment of

all benefits, privileges, terms, and conditions of the contractual relationship.

47.   As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been

denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's

contractual relationship which provided substantial compensation and benefits, thereby

entitling him to injunctive and equitable monetary relief; and having suffered such anguish,

humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants'

actions, thereby entitling Plaintiff to compensatory damages.

48.   Defendants violated the above and Plaintiff suffered numerous damages as a result.

49.   Plaintiff makes a claim against Defendants under all of the applicable paragraphs of 42

U.S. Code § 1981.

**AS A SECOND CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**
**<u>(Not Against Individual Defendant)</u>**

50.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

51.   Title VII states in relevant part as follows:

"(a) Employer practices:

(1) It shall be an unlawful employment practice for an employer: to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

52.   This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's religion and race.

53.   Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of Plaintiff's religion and race, together with causing a hostile work environment based on the same.

## AS A THIRD CAUSE OF
## ACTION UNDER STATE LAW
## <u>DISCRIMINATION</u>

54.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

55.   New York State Executive Law § 296 provides that: "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

56.  Defendants violated the section cited herein by discharging, creating and maintaining
     discriminatory working conditions, and otherwise discriminating against the Plaintiff
     because of Plaintiff's race and creed, and creating a hostile work environment based on the
     same.

57.  Defendants violated the section cited herein as set forth.

### AS A FOURTH CAUSE OF
### ACTION UNDER STATE LAW
### <u>AIDING & ABETTING</u>

58.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of
     this complaint.

59.  New York State Executive Law §296(6) provides that it shall be an unlawful
     discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of
     any acts forbidden under this article, or attempt to do so."

60.  Defendants participated in, aided, abetted, and encouraged Defendants' employee to
     unlawfully harass and retaliate against Plaintiff.

61.  Defendants violated the section cited herein as set forth.

### AS A FIFTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### <u>THE NEW YORK CITY ADMINISTRATIVE CODE</u>

62.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of
     this Complaint as if set forth herein more fully at length.

63.  The Administrative Code of the City of New York § 8-107 [1] provides that "It shall be an
     unlawful discriminatory practice: (a) For an employer or an employee or agent thereof,
     because of the actual or perceived age, race, creed, color, national origin, gender, disability,

marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

64. Defendants engaged in an unlawful discriminatory practice and violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of his race and creed, together with harassment and causing a hostile work environment based on same.

65. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the New York City Administrative Code Title 8.

66. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SIXTH CAUSE OF ACTION**
**FOR AIDING & ABETTING UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**

67. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

68. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

69. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

70. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SEVENTH CAUSE OF ACTION
## FOR INTERFERENCE WITH A PROTECTED RIGHT UNDER
## <u>THE NEW YORK CITY ADMINISTRATIVE CODE</u>

71.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint as if set forth herein more fully at length.

72.   New York City Administrative Code Title 8-107(19) provides that: "It shall be an unlawful

discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or

attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or

enjoyment of, or on account of his or her having aided or encouraged any other person in the

exercise or enjoyment of, any right granted or protected pursuant to this section."

73.   Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN EIGHTH CAUSE OF ACTION
## FOR SUPERVISOR LIABILITY UNDER
## <u>THE NEW YORK CITY ADMINISTRATIVE CODE</u>

74.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint as if set forth herein more fully at length.

75.   New York City Administrative Code Title 8-107(13)(b) provides that: "An employer shall be

liable for an unlawful discriminatory practice based upon the conduct of an employee or agent

which is in violation of subdivision one or two of this section only where; (i) the employee or

agent exercised managerial or supervisory responsibility; (ii) the employer knew of the

employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take

immediate and appropriate corrective action; an employer shall be deemed to have knowledge

of an employee's or agent's discriminatory conduct where that conduct was known by another

employee or agent who exercised managerial or supervisory responsibility; or (iii) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

76.   Defendants violated the above and Plaintiff suffered numerous damages as a result.

## JURY DEMAND

77.   Plaintiff demands a trial by jury as to all issues so triable.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants jointly and severally for all available damages including but not limited to emotional distress, lost wages, back pay, front pay, other pecuniary loss, punitive damages, statutory damages, attorney's fees, costs, medical expenses, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

Date:   New York, New York
          April 24, 2019

Respectfully Submitted,

**DEREK SMITH LAW GROUP, PLLC**

By:      */s/ Alexander G. Cabeceiras*
          Alexander G. Cabeceiras, Esq.
          One Penn Plaza, Suite 4905
          New York, NY 10119