UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRETT STEININGER,

                                 Plaintiff,

                    -v-

TRIBUNE BROADCASTING COMPANY LLC, ET AL,

                                 Defendants.

---

19 Civ. 3644 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received letters from the parties as to plaintiff's proposal to examine defendant Tzianobos at trial regarding (1) a prior claim of an unspecified type of harassment made informally against him; and (2) an age discrimination claim made against him by another WPIX-Tribune employee. Dkts. 78, 81. At the pretrial conference held on September 9, 2021, the Court precluded such lines of examination, pursuant to Federal Rule of Evidence 403. After reviewing counsels' letters, the Court reaffirms its bench ruling, substantially for the reasons stated on the record of the conference.

The Court adds only the following. The case authority on which plaintiff relies involved evidence of the same type of harassment as alleged in the case at bar. *See, e.g., Schwapp v. Town of Avon*, 118 F.3d 106, 111 (2d Cir. 1997) (permitting evidence of racial hostility in a case about racial discrimination). That is not so here. The first incident about which plaintiff seeks to inquire does not, as described, involve harassment on the basis of any protected characteristic at all. The second incident involved alleged age discrimination, which is not at issue here. In any event, plaintiff proffers only that, in these instances, allegations of either discrimination or harassment were made against Mr. Tzianobos. There is no proffer of evidence establishing that

such conduct actually occurred.  Plaintiff's proposal to inquire of Mr. Tzianobos about these events would therefore serve to tarnish Mr. Tzianobos by putting before the jury the fact of an unproven allegation, which by its terms has no probative value and considerable risk of unfair prejudice and confusion.  And to the extent plaintiff might have envisioned seeking to establish these incidents through extrinsic evidence, plaintiff did not include any such evidence in the Joint Pretrial Order, and this exercise would invite a trial within a trial concerning events far afield from plaintiff's claims of religious discrimination.  Such evidence would clearly warrant exclusion under FRE 403.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: September 15, 2021
       New York, New York